**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, | No. CR-19-08056-001-PCT-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Sargon Bernard Folio, | |
| Defendant. | |

*Pro se* Defendant Folio filed a ninety-nine-page Notice of Removal, in which he seeks the removal of a state criminal case against him to this Court. (Doc. 1). It appears that Defendant Folio was convicted of a number of crimes related to driving while under the influence of intoxicating liquor in Yavapai Superior Court. (Doc. 1 at 13). However, the removal statute only applies to ongoing criminal proceedings and "clearly does not apply to an appeal or petition for postconviction relief." *Johnson v. Washington*, 2007 WL 2377141, at *2 (W.D. Wash. Aug. 15, 2007). In the Notice of Removal, Defendant does not cite to an ongoing case, instead he attaches exhibits that appear to indicate that he is in the process of appealing his criminal conviction in state court. (Doc. 1 at 13).

Moreover, Defendant filed a document titled "Motion to Have All Rules of Federal Rules of Criminal Procedure Struck," in which he provides that the instant case begun on May 5, 2016. (Doc. 2). Thus, even if his criminal case was still ongoing in the state court, removal would be untimely. *See* 28 U.S.C. § 1445 (b)(1) ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State

court, or at any time before trial, whichever is earlier, except that for good cause shown . . ."). Additionally, in Defendant's "Motion to Have All Rules of Federal Rules of Criminal Procedure Struck," he "demand[s] that all the so called rules of this so called justice system be struck as [he] believe that [he] should not be held to the same standers [sic] as a lawyer." (Doc. 2). While the pleadings of *pro se* litigants are to be construed liberally; however, even *pro se* litigants must comply with the Federal Rules of Criminal Procedure and the Local Rules of District Court for the District of Arizona. *See Reyes v. City of Phoenix*, 2018 WL 4377161, at \*3 (D. Ariz. Sept. 14, 2018). Thus, even though Defendant is *pro se* he must still comply with the Rules.

Here, Defendant's Notice of Removal fails to identify any ongoing state criminal proceeding; therefore, Defendant improperly removed his case to this Court. Accordingly,

**IT IS ORDERED** that all pending motions are denied and the Clerk shall remand this case to Yavapai County Superior Court re: P-1300-CR-201701207.

Dated this 28th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge