**WO**

NOT PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Sargon Bernard Folio,<br><br>Defendant. | No. CR-19-08056-001-PCT-DJH<br><br>**ORDER** |

Before the Court is Defendant's Motion for Reinstatement, which the Court will construe as a Motion for Reconsideration. (Doc. 4). Defendant filed a Notice of Removal of his state court criminal action on March 12, 2019. It appeared from the Notice that Defendant was convicted of a number of crimes related to driving while under the influence of intoxicating liquor in Yavapai Superior Court. On April 1, 2019, the Court *sua sponte* remanded the case to Yavapai County Superior Court, finding that it appeared that Defendant was in the process of appealing his state criminal conviction and that the removal statute applied only to ongoing criminal proceedings, not appeals or petitions for postconviction relief. (Doc. 3 at 1). Defendant is now asking the Court to reconsider its April 1, 2019 Order remanding his case.

**I.  LEGAL STANDARD**

Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is it the time to ask

the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). The Court may grant motions for reconsideration only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## II. DISCUSSION

Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo v. Idaho*, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). A state prosecution may be removed to federal court under the narrow circumstances set forth in 28 U.S.C. § 1442-43. 28 U.S.C. § 1455 sets forth the procedures for removal of criminal prosecutions.[1] It states that the district court shall promptly examine a notice for removal and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Here, Defendant asks this Court to reinstate his case because he avers that he has clearly identified an ongoing state criminal action and therefore the case was properly removed. (Doc. 4 at 3). The Court disagrees. Defendant has not identified any <u>ongoing</u> state criminal proceeding. Instead, it appears that Defendant is trying to remove his state criminal appeal to this court, which is improper. *See Johnson v. Washington*, 2007 WL 2377141, at *2 (W.D. Wash. Aug. 15, 2007) (holding that the removal statute only applies to ongoing criminal proceedings and "clearly does not apply to an appeal or petition for postconviction relief."). Furthermore, the federal removal statute provides that in order to remove a state "criminal prosecution" to federal court, a defendant shall file a notice of removal within thirty days after arraignment or before trial, whichever is earlier. 28 U.S.C. § 1455 (b)(1). Here, Defendant claims that this case has been ongoing for three years; thus, the Court finds that the removal is untimely. (Doc. 4 at 3).

---

[1] The procedures were formerly codified at 28 U.S.C. § 1446(c).

Moreover, even if Defendant's state criminal action was ongoing and the removal was timely, Defendant's case does not fall within the limited category of cases that can be removed. Removal of criminal cases is available only to a small class of defendants or under unique circumstances in which the state courts are deemed unable or unwilling to enforce a defendant's civil rights. 28 U.S.C. §§ 1442–1443. In particular, federal officers who are being prosecuted for acts done in furtherance of their official duties may remove a criminal case. 28 U.S.C. § 1442. Member of the armed forces of the United States may also remove prosecutions when certain claims or defenses are present. 28 U.S.C. § 1442a. Defendant does not allege that he is either a federal officer or a member of the armed forces; therefore, neither § 1442 nor § 1442a are applicable to Defendant's case.

Additionally, a defendant may also remove a state prosecution to federal court where it is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. The United States Supreme Court has interpreted § 1443(1) as limited to a state court's unwillingness to enforce a law "providing for civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Defendant does not allege that a law providing for racial equality is at issue here, or, if it were, that Arizona state courts are unwilling or unable to enforce the law. Instead, he contends that his state court case "was a total miscarriage Of [sic] justice." (Doc. 4 at 2). Broad contentions of deprivations of constitutional rights do not support removal under § 1443(1). *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *Rachel*, 384 U.S. at 792). The Supreme Court has further clarified that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v.*

*Peacock*, 384 U.S. 808, 824 (1966). Again, Defendant's case does not fall within that category.

For these reasons, the Court finds that "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted[.]" 28 U.S.C. § 1455(b)(4). Thus, the Court finds that Plaintiff failed to set forth sufficient grounds to cause the Court to reconsider its April 2, 2019 Order remanding Defendant's case to state court. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reinstatement, which the Court construed as a Motion for Reconsideration, (Doc. 4) is **DENIED**. This matter is to remain closed.

Dated this 16th day of April, 2019.

Honorable Diane J. Humetewa
United States District Judge